UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGRAM ROBERT SCOTT,

               Plaintiff,

   v.

STATE OF WASHINGTON,

               Defendant.

Case No. 2:19-CV-00517-RAJ-BAT

**REPORT AND RECOMMENDATION**

Ingram Robert Scott, who is currently confined at the Airway Heights Correctional Center, filed a 28 U.S.C. § 1983 prisoner civil rights complaint against the State of Washington and a deficient application to proceed *in forma* pauperis. Dkt. 1. The Court is required to screen complaints filed by plaintiffs such as Mr. Scott who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint plaintiff filed alleges he was "falsely arrested for crimes [he] didn't commit," and that he has been "incarcerated for four years for crimes [he] did not commit." Dkt. 1 at 5. Plaintiff further avers that he "was made guilty for crimes [he] did not commit and sentenced to prison for 81 months." *Id.* As relief, plaintiff has filed this lawsuit to "prove his

innocence," and to be awarded "collateral return" of "180,000,000." *Id.* The Court has reviewed the complaint and concludes that because it challenges a criminal conviction which still stands, the action is barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). Further, the complaint alleges that the events which give rise to the complaint occurred on July 22, 2015, which is outside the three years statute of limitations for seeking relief under § 1983. These deficiencies cannot be cured through amendment, and the Court therefore recommends the complaint be DISMISSED with prejudice as time barred or in the alternative without prejudice as *Heck* barred.

If the assigned District Judge adopts this recommendation, the issue of whether plaintiff should be permitted to proceed *in forma pauperis* should be stricken as moot.

## DISCUSSION

**A.    Section 1983 Relief is Barred by the Statute of Limitations**

Plaintiff's § 1983 complaint is barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

REPORT AND RECOMMENDATION - 2

Here, the complaint alleges the date of the events giving rise to plaintiff's complaint occurred on July 22, 2015, when plaintiff was "falsely arrested." Dkt. 1 at 5. Plaintiff's arrest on that date is a fact he obviously has been aware of since the date of his arrest and consequently the statute of limitations accrued on July 22, 2015. That plaintiff knew about the facts underlying this complaint acts years ago is also bolstered by the exhibits to the complaint which include correspondence dated as early as 2016 from the Washington States Courts regarding plaintiff's post-conviction challenges to the conviction and sentence for which plaintiff now seeks § 1983 relief. Plaintiff's claim of false arrest triggers the date upon which his claim accrues as it did in *Waalce v. Kato*, 549 U.S. 384 (2007), a case in which the Supreme Court held a § 1983 claim for false arrest accrues when the person arrested makes his initial appearance. Hence plaintiff was aware of the facts underlying his current complaint well before the statute of limitations expired on July 22, 2018. The Court should accordingly dismiss the case with prejudice.

**B.    The Complaint is *Heck* Barred**

Plaintiff seeks to be proven innocent and be awarded monetary damages in the amount of $180,000,000. Plaintiff avers he is serving a sentence of 81 months of confinement; his complaint that the court find him innocent of the crimes for which was convicted will thus necessarily result in release from confinement. When a person confined by government is challenging the duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Consequently, plaintiff's request that the Court find him innocent (and thus release him) is not cognizable under § 1983 and should be dismissed.

Plaintiff also seeks money damages. In order to recover damages for an alleged

1  unconstitutional conviction or imprisonment, or for other harm caused by actions whose
2  unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that
3  the conviction or sentence has been reversed on direct appeal, expunged by executive order,
4  declared invalid by a state tribunal authorized to make such determination, or called into
5  question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v.*
6  *Humphrey*, 512 U.S. 477, 486-87 (1994).

7        Plaintiff does not allege that his conviction or sentence has been reversed on direct
8  appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
9  determination, or called into question by a federal court's issuance of a writ of habeas corpus.
10 Rather he avers he is serving the 81month sentence that he claims was obtained in violation of
11 his constitutional rights. Plaintiff has also attached to his complaint pleadings from various state
12 courts and a petition for writ of certiorari the United States Supreme Court but none of these
13 pleadings show that the conviction plaintiff seeks to undermine in this civil lawsuit has been
14 reverse or overturned. As such, plaintiff's § 1983 claim is barred under *Heck* and the complaint
15 should be dismissed without prejudice.

16 **CONCLUSION**

17       The Court recommends plaintiff's § 1983 civil rights complaint be dismissed with
18 prejudice. The acts complained of occurred outside the three year statute of limitations, and the
19 pleadings plaintiff submitted establish he knew about the acts as early as 2015 when he was
20 arrested and no later than 2016 when he sought relief from his criminal conviction in the state
21 courts.

22       If the Court declines to dismiss the case as time barred, the Court should alternatively
23 dismiss the case under *Heck v.* Humphrey. Plaintiff seeks monetary damages and release from

REPORT AND RECOMMENDATION - 4

prison via proof of his innocence through this lawsuit. The complaint is barred under *Heck v. Humphry*, because the criminal conviction underlying plaintiff's lawsuit still stands and has not been overturned. Dismissals under *Heck* are made without prejudice.

The fact that the complaint has been filed outside the statute of limitations and is also barred by *Heck* cannot be altered via amendment of the complaint. The Court accordingly finds leave to amend would be futile and is not warranted. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). If the assigned District Judge adopts the above recommendations, the Court further recommends the issue of whether plaintiff may proceed *in forma pauperis* be stricken as moot.

Plaintiff is advised he should not file an appeal of this recommendation to the Ninth Circuit until the assigned District Judge has acted. Plaintiff may file objections to this Report and Recommendation. Objections if any are due no later than **April 25, 2019**. The Clerk should note the matter for **April 26, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff.

The Clerk shall also provide this order to plaintiff and the assigned District Judge.

DATED this 11th day of April, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge